UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-00964-MCS (SK) | Date | March 14, 2023 |
|---|---|---|---|
| Title | Derrick Lamar Hairston v. Warden | | |

| Present: The Honorable | Steve Kim, United States Magistrate Judge |
|---|---|

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant(s): |
|---|---|
| None present | None present |

**Proceedings:**   (IN CHAMBERS) **ORDER TO SHOW CAUSE**

Petitioner is a California state prisoner serving a 22-year sentence for residential burglary. (ECF 1 at 2). In February 2023, he filed a petition under 28 U.S.C. § 2254 raising three claims: (1) that his sentence was wrongly enhanced for prior convictions that should have been recalled under California's Proposition 47; (2) that the trial court improperly denied him presentence custody credits; and (3) that he was pressured to accept a plea deal due to publicity surrounding his case. (ECF 1 at 4-6). The petition is deficient on its face for at least three reasons. *See* Rule 4 of Rules Governing Section 2254 Cases ("If it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition[.]").

*First*, Petitioner admits that he has not exhausted his claims. (*See* ECF 1 at 7). To exhaust his claims, Petitioner must raise them in the California state courts through either a complete round of direct appeals or state habeas proceedings. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The Court cannot grant habeas relief for unexhausted claims. *See* 28 U.S.C. § 2254(b)(1)(A).

*Second*, even if Petitioner's claims had been exhausted, he states no cognizable claims that can be redressed under § 2254. Violations of state law are not subject to federal habeas review. *See Rhoades v. Henry*, 611 F.3d 1133, 1142 (9th Cir. 2010). So, neither Petitioner's Proposition 47 claim nor his presentence-custody-credit claim is reviewable in federal habeas court. *See, e.g., Ashanti v. Barreto*, 2018 WL 4381541, at *3 (C.D. Cal. May 8, 2018) ("A claim premised on Proposition 47 is not cognizable on federal habeas review"); *Seymour v. Shirley*, 2022 WL 3574167, at *1 (C.D. Cal. July 7, 2022) (claim that state court miscalculated presentence custody credits not cognizable on federal habeas corpus). And Petitioner cannot "transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996). As for his third claim—that he pled guilty because of the publicity around his case—it does not even allege a violation of the Constitution or a federal statute as required by § 2254(a). *See Swarthout v. Cooke*, 562 U.S.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-00964-MCS (SK) | Date | March 14, 2023 |
|---|---|---|---|
| Title | Derrick Lamar Hairston v. Warden | | |

216, 219 (2011) (per curiam).  Federal collateral review for Petitioner's claims is unavailable.

*Third*, even if Petitioner had alleged exhausted—and cognizable—federal habeas claims, his petition is untimely on its face.  Petitioner was convicted in 2016 and sentenced in 2017. (ECF 1 at 2).  He then evidently filed no appeals or state habeas petitions.  (ECF 1 at 7).  As a result, he had one year after his conviction became final in 2017 to file a federal habeas petition on time.  *See* 28 U.S.C. § 2244(d)(1).  But because the petition here was not filed until 2023, Petitioner would have to establish equitable tolling or some other valid legal basis to render his petition timely.  *See Holland v. Fla.*, 560 U.S. 631, 645-46 (2010); *Stancle v. Clay*, 692 F.3d 948, 953 (9th Cir. 2012).  Otherwise, his petition is time-barred no matter if his claims are exhausted and cognizable.

For all these reasons, Petitioner is **ORDERED TO SHOW CAUSE** on or before **Thursday, April 13, 2023,** why the Court should not dismiss the petition for lack of exhaustion, failure to state cognizable grounds for relief, or untimeliness.  Petitioner can discharge this order by dismissing this action with the attached Notice of Voluntary Dismissal Form CV-09.  *See* Fed. R. Civ. P. 41(a).  If Petitioner files no timely notice of voluntary dismissal or other timely response to this order (especially proving that his petition can be considered timely filed), the petition may be involuntarily dismissed for failure to prosecute. *See* Fed. R. Civ. P. 41(b); L.R. 41-1.

IT IS SO ORDERED.